## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**MICHAEL HAYNES,**

      **Plaintiff,**

**vs.**                                   **CASE NOS.  1:07CV93MMP/AK**
                                        **1:07CV94-MP/AK;  1:07CV95-MP/AK**

**FLORIDA STATE PRISON, et al,**

      **Defendants.**

_____/

### REPORT AND RECOMMENDATION

Plaintiff has filed two more complaints complaining about conditions of confinement at Florida State Prison.  His previous complaints against FSP and Union Correctional Institution were recommended for transfer because Union C. I. and FSP are located in the Middle District of Florida, as is the Plaintiff and all the Defendants. (See Case Nos.  1:07CV68; 1:07CV72; 1:07CV73; 1:07CV75; 1:07CV87 and 1:07CV88).  Plaintiff was advised not to file any more complaints concerning events at these two facilities because the proper forum for these actions, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b), is in the United States District Court for the Middle District of Florida, Jacksonville Division.  **Plaintiff had not had time to receive the previous Report and Recommendation prior to his mailing these three**

Dockets.Justia.com

**complaints, but he is again advised that he should not file any more complaints in this division**.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of these actions to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this *14th* day of May, 2007.


*s/ A.  KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**


**No. 1:07CV68-MP/AK, etc**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 1:07CV68-MP/AK, etc